IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLAS SORENSEN,  )
                    )   2:11-cv-00466-GEB-DAD
          Plaintiff, )
                    )
     v.             )   ORDER RE: SETTLEMENT AND
                    )   DISPOSITION
FREE AGENTS ENTERTAINMENT, LLC, )
HOOKS AND TAYLOR ENTERTAINMENT, )
LLC, and DEON TAYLOR, )
                    )
          Defendants. )
_____ )

Plaintiff and Defendants Free Agents Entertainment, LLC and Deon Taylor filed a Joint Status Report ("JSR") on May 27, 2011, in which they state:

> The parties have reached an agreement in principle to settle this matter in its entirety. The parties expect to execute a written settlement agreement and then request the dismissal of the entire action, with prejudice, by no later than July 11, 2011. Accordingly, the parties respectfully request that the pretrial scheduling conference currently set for June 13, 2011, be continued until a date after July 11, 2011.

(JSR, 2:13-17, ECF No. 11.)

Therefore, a dispositional document shall be filed no later than July 11, 2011. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to

file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Further, the Status Conference scheduled for June 13, 2011, is continued to commence at 9:00 a.m. on August 1, 2011, in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1]  A joint status report shall be filed fourteen (14) days prior to the status conference, in which Plaintiff is required to include an explanation concerning how he is prosecuting this action against Defendant Hooks and Taylor Entertainment, LLC, and why this action should not be dismissed against this named defendant because of failure of prosecution.

IT IS SO ORDERED.

Dated: June 8, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)(indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2